**UNITED STATES of America, Appellee,**

v.

**Herbert McINTYRE, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Charles Edward THOMAS, Appellant.**

**Nos. 72–1175, 72–1104.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Sept. 26, 1972.

**1202**

Jerry D. Perryman and Joseph L. Walsh, St. Louis, Mo., on brief for appellants.

Daniel Bartlett, Jr., U. S. Atty., and Terry I. Adelman, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

A jury decided that appellants were guilty of stealing four bags of sugar having a value not in excess of $100 which were moving in interstate commerce. They have appealed from the judgment of conviction. Three claims of error are presented.

1. Failure of the court to suppress the statements of appellant Thomas because the arrest was unlawful.

2. Failure to grant motion for judgment of acquittal for failure of the Government to prove the stolen bags of sugar were moving in interstate commerce.

3. Admission into evidence, over objection, of testimony relating to license renewal of automobile used in connection with the theft.

All contentions are lacking in substance and we reject them.

I.

■ The claim of unlawful arrest was not presented in the motion to suppress, or in appellant's post-conviction motion for new trial. Hence, we would be warranted in applying Rule 52(b), Fed.R.Crim.P., and in declining to consider this assignment because we are not convinced that plain error resulted. We have, however, examined the record and are satisfied the arrest was valid. The theft of the sugar took place in the City of St. Louis. A police officer had the truck containing the bags of sugar under surveillance due to numerous complaints of theft from interstate shipments. The officer saw the appellants, one of whom was known to the officer, actually purloin the four bags of sugar by entering the trailer and removing the bags therefrom. The officer immediately conveyed what he had witnessed and a description of the appellants to other policemen stationed nearby via a walkie-talkie instrument. Other police officers arrested the fleeing appellants.

■ Section 84.090 V.A.M.S. conferring powers upon policemen of the City of St. Louis, Missouri has been construed by the Supreme Court of Missouri to authorize an arrest without a warrant of any person who the officer has reasonable cause to believe has committed a misdemeanor. State v. Vollmar, 389 S.W.2d 20 (1965). Here, the officer who had the trailer under surveillance saw the misdemeanor being committed and the arrest and seizure of the sugar is invulnerable to attack.

II.

■ The uncontroverted evidence conclusively establishes that the truck from which appellants unlawfully removed the subject merchandise was part of a movement of a load of sugar shipped from California to St. Louis, Missouri. The record permits of no doubt that the sugar in question was a part of an interstate shipment.

III.

■ We hold that appellants were not prejudiced by the evidence that an application for license renewal had been made for the automobile used in connection with the aborted theft.

The evidence of guilt was strong and compelling. Appellants, represented by competent counsel, received a fair trial.

The judgment of conviction is affirmed.